UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHAWN HAMPTON, et al., | CASE NO. C13-0541JLR |
| Plaintiffs, | ORDER GRANTING IN PART & DENYING IN PART DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT |
| v. | |
| ALLSTATE CORPORATION, et al., | |
| Defendants. | |

## I. INTRODUCTION

Before the court is Defendants Allstate Corporation's and Allstate Insurance Company's (collectively "Allstate") motion for partial summary judgment. (Mot. (Dkt. # 13).) The court has considered the motion, all submissions filed in support of and opposition thereto, the applicable law, and the balance of the record. Being fully advised and no party having requested oral argument, the court GRANTS in part and DENIES in part Allstate's motion.

//

ORDER- 1

## II. BACKGROUND

A. **Underlying Facts**

This is an insurance coverage case. The following underlying facts are not in dispute. (*See* Mot. at 2-4; Resp. (Dkt. # 15) at 4.) Each of the three Plaintiffs insured their homes with Allstate during the relevant time periods. (Not. of Removal (Dkt. # 1-1) Ex. C (Am. Compl.) ¶¶ 3.1-3.2.) On January 7, 2009, a series of landslides caused damage to Plaintiffs' insured property. (*Id.* ¶¶ 3.3-3.7.) Plaintiffs claim that the landslides were the result of logging activity on the hillside above their properties. (*Id.* ¶¶ 3.3-3.4.) Plaintiffs initially submitted written claims to Allstate in December, 2011 (*see* Aragon Decl. (Dkt. # 14) Exs. B-G), but later withdrew their claims on May 8, 2012 (*see id.* Ex. L).

Around the same time, Plaintiffs brought suit against the allegedly responsible logging company and upslope land owner in Lewis County Superior Court. The logging company was dismissed on summary judgment. (Mot. at 7.) There is no evidence before the court, however, as to the basis of that dismissal. Subsequently, the case proceeded to trial and on December 14, 2012, a jury found in favor of the defendant land owner. (*See id.* Ex. N.) Specifically, the jury found that the land owner was not negligent, and as a result, did not reach the issue of whether the defendant land owner proximately caused the landslides. (*Id.* at 1.)

On March 4, 2013, Plaintiffs filed this action against Allstate alleging insurance bad faith, violation of the Washington Consumer Protection Act ("CPA"), and breach of contract. (*See* Am. Compl.)

ORDER- 2

B.  **The Policies**

Plaintiffs' policies provide coverage as follows:

> **We** will cover sudden and accidental direct physical loss to property described in **Coverage A — Dwelling Protection** and **Coverage B — Other Structures Protection** except as limited or excluded in this policy.

(Policy (Dkt. # 14-1) at 6.) The policies go on to list the following relevant exclusions:

> **We** do not cover loss to the property described in **Coverage A — Dwelling Protection** or **Coverage B — Other Structures Protection** caused by or resulting in any manner from any of the following excluded events as described in 1 through 22 below. Loss will be considered to have been caused by an excluded event if that event:
>
>     a)  directly and solely results in loss; or
>     b)  initiates a sequence of events that results in loss, regardless of the nature of any intermediate or final event in that sequence.
>
>     \*\*\*\*
>
> 5.  Earth movement, including earthquake, landslide, subsidence, mudflow, pressure, sinkhole, erosion, or the sinking, rising, shifting, creeping, expanding, bulging, cracking, settling or contracting of the earth. This exclusion applies whether or not the earth movement is combined with water….

(*Id.* at 6-7.) And finally, the policies define "occurrence" as:

> "**Occurrence**"—means an accident, including continuous or repeated exposure to substantially the same general harmful conditions during the policy period, resulting in **bodily injury** or **property damage**.

(*Id.* at 3.)

### III.  ANALYSIS

A.  **Legal Standards**

Under Federal Rule of Civil Procedure 56, "[s]ummary judgment for a defendant is appropriate when the plaintiff fails to make a showing sufficient to establish the

ORDER- 3

existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also* Fed. R. Civ. P. 56(a). The moving party bears the initial burden of showing there is "no genuine issue as to any material fact" and he or she is entitled to prevail as a matter of law. *Celotex*, 477 U.S. at 323. A genuine issue exists when a rational fact finder, considering the evidence currently in the record, could find in favor of the non-moving party. *Scott v. Harris*, 550 U.S. 372, 380 (2007). A fact is material if it might affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

If the moving party meets its burden, the nonmoving party must go beyond the pleadings and identify facts that show a genuine dispute for trial. *Cline v. Indus. Maint. Eng'g. & Contracting Co.*, 200 F.3d 1223, 1229 (9th Cir. 2000). In judging the sufficiency of the evidence, the court is required to resolve all doubts and draw all reasonable inferences in the non-moving party's favor. *Beard v. Banks*, 548 U.S. 521, 530-31 (2006). If, however, the moving party fails to carry its initial burden of production, the opposing party has no obligation to produce countervailing evidence. *Nissan Fire & Marine Ins. Co. Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102-03 (9th Cir. 2000).

B.   **Allstate's Arguments**

Allstate moves for partial summary judgment on three separate bases. First, Allstate asserts that all three of Plaintiffs' claims are barred by either the suit limitation provision in the policies or by the applicable statutes of limitations. (Mot. at 10-12.) Next, Allstate argues that even if Plaintiffs' claims are not time-barred, Plaintiffs are

ORDER- 4

nevertheless collaterally estopped from contending that logging activities proximately caused the landslide because Plaintiffs have already litigated this issue and lost in the prior state action against the logging companies. (*Id.* at 7-9.) Lastly, Allstate argues that since Plaintiffs are collaterally estopped from contending that the landslides were proximately caused by logging activity, the court should rule that there is no coverage in this case because the "earth movement"[1] exclusion plainly applies. (*Id.* at 5-7 (citing Policy at 6-7).)

1.  Limitations Periods

Plaintiffs concede in the Joint Status Report filed with the court on May 21, 2013, that their bad faith and breach of contract claims are time-barred. (JSR (Dkt. # 8) at 2; Resp. at 3.) Accordingly, the court grants Allstate's motion with respect to those claims and dismisses them with prejudice.

Turning to Plaintiffs' remaining CPA claim, Allstate argues that the policies' one-year suit limitation provision extends to bar Plaintiffs' CPA claim. (Mot. at 12.) This is incorrect. Washington courts have long held that suit limitation provisions in insurance policies are only applicable to "claims compensable under the [policy], not claims arising under an independent statute" such as the CPA. *Simms v. Allstate Ins. Co.*, 621 P.2d 155, 158 (Wash. 1980). Thus, the policies' suit limitation provision has no effect on Plaintiffs' remaining CPA claim.

---

[1] The "Earth movement" exclusion expressly excludes coverage for losses caused by a "landslide." (Policy at 6-7.)

ORDER- 5

1    Alternatively, Allstate argues that Plaintiffs' CPA claim is time-barred under the
2 applicable four-year statute of limitations.  (Mot. at 12 (citing RCW 19.86.090).)
3 Specifically, Allstate contends that because the date of loss was January 7, 2009,
4 Plaintiffs were required to file suit on or before January 7, 2013, and because Plaintiffs
5 did not file suit until March 4, 2013, Plaintiffs' remaining CPA claim is time-barred.  (*Id.*
6 at 11-12.)  In response, Plaintiffs point to a letter from Allstate's counsel, dated January
7 6, 2012, in which "Allstate agrees, unconditionally, to extend any applicable statute of
8 limitations which may still apply . . . for an additional time frame of 60 days."  (Resp. at
9 10 (quoting Wathen Letter (Dkt. # 18-1) at 1).)  This letter, according to Plaintiffs,
10 extends the expiration of the applicable four-year statute of limitations from January 6,
11 2013, to March 6, 2013, and thus, because Plaintiffs' filed suit on March 4, 2013, their
12 remaining CPA claim is timely.  (*Id.* at 10-11.)

13    Allstate argues in its reply brief that the tolling agreement only applied to
14 Plaintiffs' bad faith claims (Reply (Dkt. # 17) at 1), which Plaintiffs have conceded are
15 time-barred (Resp. at 3).  However, Allstate's argument does not comport with the
16 expansive language used by Allstate's counsel in the January 6, 2012, letter describing
17 the effect the tolling agreement would have on Plaintiffs' claims.  (*See* Wathen Letter at
18 1.)  Nowhere does the letter indicate that tolling applies only to Plaintiffs' claims of bad
19 faith.  (*See generally id.*)  To the contrary, under a plain reading, the extension applies to
20 all of Plaintiffs' remaining claims that had not expired as of the date the letter was issued.
21 (*Id.* at 1 ("If any statute of limitations, suit limitation provision, etc. has already expired,
22 such time limitation is not affected by Allstate's voluntary agreement to toll any viable

ORDER- 6

statute of limitations claim.").)  Thus, the court interprets Allstate's letter as agreeing to extend the deadline for Plaintiffs' remaining CPA claim until March 6, 2013, meaning that Plaintiffs' CPA claim is timely.  Accordingly, the court DENIES Allstate's motion for partial summary judgment with respect to Plaintiffs' CPA claim.

      2.  Collateral Estoppel

Next, Allstate argues that Plaintiffs are collaterally estopped from contending that logging activities proximately caused the landslides that damaged their properties because Plaintiffs already litigated this issue and lost in the prior state action against the logging companies.[2]  (Mot. at 7-9.)  Collateral estoppel, also known as issue preclusion, bars relitigation of issues of ultimate fact that have been determined by a final judgment. *Williams v. Leone & Keeble, Inc.*, 254 P.3d 818, 821 (Wash. 2011).  For collateral estoppel to apply, the party seeking application of the doctrine must establish that (1) the identical issue was decided in a prior adjudication, (2) the prior adjudication resulted in a final judgment on the merits, (3) collateral estoppel is asserted against the same party or a party in privity with the same party to the prior adjudication, and (4) precluding relitigation of the issue will not work an injustice. *Christensen v. Grant Cnty. Hosp. Dist. No. 1*, 96 P.3d 957, 961 (Wash. 2004).  Additionally, "[a] court will not apply collateral

---

[2] Even though Plaintiffs' breach of contract and bad faith claims are time-barred, causation remains relevant with respect to the first element of Plaintiffs' remaining CPA claim. *See generally Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531 (Wash. 1986) (first element of CPA claim requires a deceptive act or practice). Washington courts allow plaintiffs to establish the first element of a CPA claim against an insurer by proving a violation of WAC 284-30-330, which proscribes insurers from, among other things, engaging in certain conduct once coverage has become reasonably clear. *See Indus. Indem. Co. of N.W., Inc. v. Kallevig*, 792 P.2d 520 (Wash. 1990).  Thus, if Plaintiffs' loss was covered under the policy, they can conceivably establish the first element of their CPA claim.

ORDER- 7

estoppel if, because of ambiguity or indefiniteness, it is unclear whether the issue was previously determined." *Estate of Sly v. Linville*, 878 P.2d 1241, 1243 (Wash. Ct. App. 1994) (citing *Henderson v. Bardahl Int'l Corp.*, 431 P.2d 961, 967 (Wash. 1967)).

In this case, Allstate fails to establish the first requirement for asserting collateral estoppel—that the identical issue was decided in a prior adjudication. The issue raised by the exclusion Allstate relies upon in this motion is causation. Specifically, Allstate can avoid coverage by showing that Plaintiffs' loss was caused by an excluded event (in this case, a landslide). (Policy at 6-7.) Conversely, Plaintiffs argue that coverage exists because a non-excluded peril (logging) was the efficient proximate cause of the damage to their properties. *See generally Graham v. Pub. Emps. Mut. Ins. Co.*, 656 P.2d 1077 (adopting the "efficient proximate cause" rule for determining coverage under insurance policies in Washington). Thus, the issue raised by Allstate's present motion turns on whether logging activities or a landslide *caused* the damage to Plaintiffs' properties. (*See* 2d Aragon Decl. Ex. Q (Dkt. # 18-2) at 1.)

In the previous litigation, Plaintiffs brought suit against both the logging company and the upslope landowner alleging that the defendants negligently logged the property which in turn caused the landslides. (Mot. at 7; *see also* Resp. at 4.) Allstate acknowledges in its brief that the logging company was subsequently dismissed on summary judgment leaving only the land owner as defendant at trial. (Mot. at 7.) The jury found in favor of the defendant land owner. However, as indicated on the special verdict form, the jury only made the initial determination that the defendant land owner

was not negligent.  (*See* Verdict Form (Dkt. # 14-14) at 1.)  The jury did not decide the second issue of causation, which was left blank on the verdict form.  (*See id.*)

Allstate, nevertheless, points to Jury Instruction No. 4 from the previous litigation as evidence that the jury decided both the causation and negligence as intertwined issues.[3]  (Mot. at 9; Reply at 6-7.)  However, the language contained in the jury instruction does not indicate that the jury decided both issues concurrently.  Indeed, as discussed above, the verdict form delineates the two issues into separate determinations and shows that the jury never actually decided the second issue of causation.  (*See* Verdict Form.)  Although the previous lawsuit involved the same underlying events, the jury in that case "did not actually or necessarily determine" the issue of causation.  *See Haslund v. City of Seattle*, 547 P.2d 1221, 1231 (Wash. 1976).  Instead, the jury only made the initial determination that the defendant land owner was not negligent but never proceeded to the second issue of whether the defendant land owner proximately caused the landslides.  (*See* Verdict Form at 1.)  Thus, the issue of negligence adjudicated in the previous litigation is distinct and separate from the issue of causation raised by Allstate's motion.

---

[3] Jury Instruction No. 4 reads in pertinent part:

> Plaintiffs claim they were damaged by water, mud and other debris that came onto their property the day of the storm as the result of improper logging practices. Plaintiffs claim that Menasha was negligent in the way it harvested the trees and that this caused plaintiffs' damage. Menasha denies these claims. Plaintiffs also claim that they sustained bodily injury and sustained emotional distress from these events all as a proximate result of the defendant's negligence. Menasha denies these claims.

(2d Aragon Decl. Ex. Q (Dkt. # 18-2) at 1.)

Additionally, even if the court accepted Allstate's argument that the jury decided the issue of causation and negligence concurrently, Allstate states in its motion that the defendant logging company in the previous litigation was dismissed on summary judgment leaving only the defendant land owner. (Mot. at 7.) However, there is no evidence before the court regarding the grounds for dismissal of the defendant logging company. Thus, even if (as Allstate argues) the jury in the previous litigation had found that the defendant land owner was not negligent *and* did not cause the damage to Plaintiffs' property, for the purpose of establishing collateral estoppel, that finding would be limited to only the defendant land owner. (*See* Verdict Form.) Because Allstate has not provided any details regarding the basis for the trial court's dismissal of the defendant logging company, this court cannot infer that the defendant logging company was dismissed on the basis of either a lack of negligence or an absence of causation. Accordingly, the court DENIES Allstate's motion for partial summary judgment on the issue of collateral estoppel.

       3.   <u>Coverage Under the Policies</u>

Finally, because Plaintiffs are not collaterally estopped from contending that logging activities were the efficient proximate cause of the damage to their properties, Allstate's original basis for moving for a summary judgment determination with respect to coverage is no longer valid. Allstate, however, argues that even if Plaintiffs are allowed to contend that logging activities caused the damage, there is nevertheless no coverage under Plaintiffs' policies. (Reply at 3-6.) Specifically, Allstate argues that "logging" does not qualify for coverage under the terms of the policies because it is an

intentional act and therefore cannot be "sudden and accidental." (Reply at 5-6 (citing Policy at 6).) Further, Allstate argues that "logging" also falls outside the definition of an "occurrence" under the policies because an occurrence "means an accident" and, again, logging is an intentional act and not an accident. (*Id.* (citing Policy at 3).)

In response, Plaintiffs move to strike Allstate's new coverage arguments because the arguments were improperly raised for the first time in Allstate's reply brief. (*See* Surreply (Dkt. # 20).) The court agrees with Plaintiffs: "[a]rguments cannot be properly raised for the first time on reply." *Amazon.com LLC v. Lay*, 758 F. Supp. 2d 1154, 1171 (W.D. Wash. 2010). Accordingly, the court STRIKES Allstate's new arguments raised in its reply brief (Dkt. # 17) and DENIES Allstate's motion for partial summary judgment on the issue of coverage.[4]

## IV.  CONCLUSION

For the reasons set forth above, the court GRANTS in part and DENIES in part Allstate's motion for partial summary judgment (Dkt. # 13).

Dated this 12th day of November, 2013.

*[signature]*

JAMES L. ROBART
United States District Judge

---

[4] The court notes that the deadline for dispositive motions in this case is February 11, 2014. (*See* Sched. Order (Dkt. # 9).) Thus, Allstate may still raise additional coverage arguments in a later motion for summary judgment if otherwise appropriate.